BRYAN SCHRODER
United States Attorney

RYAN D. TANSEY
KYLE REARDON
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: ryan.tansey@usdoj.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DALE JOHNSON,<br><br>Defendant. | ) Case No. 4:19-cr-00018-RRB-SAO<br>)<br>) COUNT 1: CONSPIRACY<br>) Vio. of 18 U.S.C. § 371<br>)<br>)<br>)<br>)<br>)<br>) |

## INFORMATION

### The Defendant and his Co-Conspirators

At all times relevant to this Information:

1.      The defendant, DALE JOHNSON ("JOHNSON"), was a United States

citizen residing in Anchorage, Alaska. JOHNSON owned ADALECO General LLC

1

("ADALECO"), which was a corporation organized and existing under the laws of Alaska, with its principal place of business in Anchorage, Alaska. ADALECO was a government contractor and was awarded certain Service-Disabled Veteran-Owned Small Business ("SDVOSB") set-aside contracts by the United States Department of Veteran's Affairs ("VA"). ADALECO received an SDVOSB certification on April 15, 2013, and re-certified on May 27, 2015. The recertification was valid for two years.

2.      Richard Othell Vaughan, a/k/a "RV," ("Vaughan") was a United States citizen residing in Anchorage, Alaska. From at least as early as 2012, Vaughan was employed by the VA as a Contract Officer Representative ("COR") and was responsible for or involved with soliciting, awarding, and managing numerous contracts awarded by the VA, including certain SDVOSB set-aside contracts. In his role as a COR for the VA, VAUGHAN was a public official.

3.      Donald Garner ("Garner") was a United States citizen residing in Anchorage, Alaska. Garner was the owner and manager of Veteran Ability, a corporation organized and existing under the laws of Alaska, with its principal place of business in Anchorage, Alaska. Veteran Ability was a government contractor that sought to provide various services to the United States government, including to the VA in Alaska. Veteran Ability submitted bids for and was awarded numerous VA contracts. Veteran Ability did not have an SDVOSB certification until January 8, 2015. Defendant GARNER was responsible for or involved with preparing and submitting Veteran Ability's SDVOSB application, its bids for VA contracts, and performing the services required by those contracts.

2

<u>Background</u>

4.      The VA is the federal government agency charged with serving America's veterans and their families in ensuring they receive medical care, benefits, social support and lasting memorials promoting the health, welfare and dignity of all veterans in recognition of their service to the United States.

5.      The United States Small Business Administration ("SBA") is an independent agency of the federal government responsible for aiding, counseling, assisting and protecting the interests of small business concerns. SBA provided assistance to small businesses which were owned and controlled at least 51% by socially and economically disadvantaged individuals.

<u>SDVOSB Program</u>

6.      The Veterans Entrepreneurship and Small Business Development Act of 1999 established an annual government-wide goal of awarding contracts to at least three percent of the total value of all federal prime and subcontract awards for small business concerns owned and controlled by Veteran and Service-Disabled Veterans ("SDVs"). The Veterans Benefits Act of 2003 added a contracting mechanism to enable agencies to reach this three percent goal.

<u>SDVOSB Program Eligibility Requirements</u>

7.      To be eligible for the SDVOSB program, the Service Disabled Veteran (SDV) must meet the following criteria:

        a.      have a service-connected disability determined by VA or DoD;

3

b.     unconditionally own 51% of the SDVOSB, in which ownership is direct;

c.     receive 51% of profits and/or the annual distribution profits paid on the stock for the SDVOSB;

d.     control the day-to-day management, daily operations, and long term decision making of the SDVOSB; and

e.     hold the highest officer position in the SDVOSB, to include control of the board of directors, if applicable.

### Invoice and Payment Process

8.     After being awarded a federal contract, the contractor submits invoices to the VA's Financial Service Center (FSC) in Austin, Texas.

9.     When FSC receives a contractor invoice, the invoice is uploaded to the on-line vendor file, triggering notification to review and, if appropriate, approve the invoiced expenses.

10.     Upon VA approval, the invoice is paid electronically from the United States Department of Treasury ("Treasury") by way of the Federal Reserve Bank ACH Processing Site in East Rutherford, New Jersey, into the contractor's designated bank account.

### Contracts

11.     On or around October 17, 2014, the VA issued Solicitation VA260-15-Q-0035 for SDVOSB qualified companies to bid on a contract to provide snow removal services at VA locations in Anchorage, Alaska. This was a "set-aside" contract for a

4

certified SDVOSB contractor. Bids for this Solicitation were submitted to the VA on or about October 24, 2014, and contract VA260-15-P-0260 was awarded to ADALECO on or around October 28, 2014. The contract was valued at approximately $740,554.00, and called for periods of performance from November 1, 2014 until October 31, 2016.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

The United States Attorney charges that:

## COUNT 1

12.     Beginning in or about October 2014, and continuing until in or about October 2016, within the District of Alaska and elsewhere, the defendant, DALE JOHNSON, did knowingly and willfully conspire and agree with other persons and entities known and unknown, including Richard Othell Vaughan, a/k/a "RV," and Donald Garner, to defraud the United States of and concerning its governmental functions and rights, which includes but is not limited to the United States' right to have its business and its affairs, including but limited to transactions of the official business of the VA in connection with awarding contracts to, and carrying out contracts with, SDVOSBs, conducted honestly and impartially, and free from deceit, dishonesty, and obstruction, in violation of 18 U.S.C. § 371.

### Manner and Means

13.     The manner and means by which the defendant and his co-conspirators sought to accomplish the conspiracy included, but were not limited to, falsely, fraudulently, and in a misleading manner submitting certifications and making statements to the VA that were false in order to unlawfully obtain VA contracts, certifications, and payments under VA contracts.

### Overt Acts

14.     In furtherance of the Conspiracy and to effect its illegal object, the defendant and his co-conspirators committed the following overt acts:

OA1   In or about October 2014, defendant JOHNSON and Garner met and agreed

6

that Garner and Veteran Ability would manage and control 100% of the daily operations and long-term decision-making of ADALECO related to its performance of contract VA260-15-P-0260, knowing that Garner and Veteran Ability were not then certified to bid on or perform 100% of that contract.

OA2    In or about October 2014, defendant JOHNSON and Garner agreed that Garner would pay JOHNSON 5-10% of every payment on contract VA260-15-P-0260 as a "kickback" in exchange for allowing Garner to use ADALECO as a "pass through" to improperly obtain SDVOSB set-aside contract VA260-15-P-0260.

OA3    On or about October 24, 2014, defendant JOHNSON signed, certified, and submitted a bid for VA contract Solicitation VA260-15-Q-0035 in the name of ADALECO, but in truth and fact defendant knew that ADALECO was merely a "pass through" for Garner and Veteran Ability to obtain and perform 100% of the work on contract VA260-15-P-0260 in furtherance of the conspiracy.

OA4    On or about November 20, 2014, defendant JOHNSON sent a letter to the VA falsely certifying that he controlled and managed all essential operations of ADALECO, was "responsible for every major decision or action" of ADALECO, and was "the only decision making authority" for ADALECO.  In truth and fact, Garner was the decision making authority for, and was responsible for every major decision and action of, ADALECO related to the majority of its work, including all work related to contract VA260-15-P-0260.

OA5    On March 20, 2015, defendant JOHNSON falsely stated in a letter to the VA that ADALECO did not share any facilities or employees with any other company

7

and falsely failed to identify Veteran Ability in response to the question: "identify any and all firms sharing common ownership or management with your company [ADALECO]." In truth and fact, ADALECO shared an office location and an employee with Veteran Ability, and Veteran Ability, through Garner, exercised exclusive management and control over ADALECO related to contract VA260-15-P-0260.

OA6   During the period from approximately November 2014 until at least May 2016, defendant JOHNSON, Garner and their co-conspirators submitted or caused to be submitted to the VA numerous invoices falsely claiming that work was performed by JOHNSON and ADALECO under contract VA260-15-P-0260, which defendant and Garner knew violated the management, control and personnel performance requirements for SDVOSB set-aside contracts. Vaughan knowingly certified these false invoices for payment, which caused money to be transferred in interstate commerce into bank accounts located in Alaska totaling approximately $725,226.

All of which is in violation of 18 U.S.C. § 371.


DATED this 17th day of December, 2019, at Fairbanks, Alaska.


BRYAN SCHRODER
United States Attorney


RYAN D. TANSEY
Assistant United States Attorney
United States of America

8