BRYAN SCHRODER
United States Attorney

RYAN D. TANSEY
KYLE REARDON
Assistant United States Attorneys
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: ryan.tansey@usdoj.gov

Attorneys for Plaintiff


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:19-cr-00018-RRB-SAO |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLEA AGREEMENT** |
| vs. | ) | |
| | ) | |
| DALE JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Unless the parties jointly inform the Court in writing of
any additional agreements, this document in its entirety
contains the terms of the plea agreement between the
defendant and the United States. This agreement is
limited to the District of Alaska; it does not bind other
federal, state, or local prosecuting authorities.**

## I. SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

### A. Summary of Agreement

The defendant agrees to plead guilty to the following count(s) of the Information in this case: Count: 1 - Conspiracy, in violation of 18 U.S.C. § 371. The parties agree that the defendant is accountable for a total of $54,302 in unlawful gains as a result of the offense of conviction. The United States agrees not to prosecute the defendant further for any other offense related to the event(s) that resulted in the charge(s) contained in the Information.

The defendant will waive all rights to appeal the conviction(s) and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction(s) and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea(s).

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea(s) if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

U.S. v. Dale Johnson

Case 3:19-cr-00155-RRB-MMS   Document 2   Filed 12/19/19   Page 2 of 21

## II.  CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A.  Charges

**1.  The defendant agrees to plead guilty to the following count(s) of the Information:**

Count 1:  Conspiracy, a violation of 18 U.S.C. § 371

### B.  Elements

The elements of the charge(s) in Count 1 to which the defendant is pleading guilty are as follows:

1. Beginning in or around October 2014 and ending in or around October 2016, there was an agreement between two or more persons to defraud the United States of and concerning its governmental functions and rights;

2. The defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose; and

3. One of the members of the conspiracy performed at least one overt act in or after October 2014 for the purpose of carrying out the conspiracy.

### C.  Factual Basis

The defendant admits the truth of the allegations in Count 1 of the Information and the truth of the following statement, and the parties stipulate that the Court may rely upon

U.S. v. Dale Johnson

Page 3 of 21

this statement to support the factual basis for the guilty plea(s) and for the imposition of the sentence:

The VA is the federal government agency charged with serving America's veterans and their families in ensuring they receive medical care, benefits, social support and lasting memorials promoting the health, welfare and dignity of all veterans in recognition of their service to the United States.

The United States Small Business Administration ("SBA") is an independent agency of the federal government responsible for aiding, counseling, assisting and protecting the interests of small business concerns. SBA provides assistance to small businesses which were owned and controlled at least 51% by socially and economically disadvantaged individuals. The Veterans Entrepreneurship and Small Business Development Act of 1999 established an annual government-wide goal of awarding contracts to at least three percent of the total value of all federal prime and subcontract awards for small business concerns owned and controlled by Veteran and Service-Disabled Veterans ("SDVs"). The Veterans Benefits Act of 2003 added a contracting mechanism to enable agencies to reach this three percent goal. The defendant knew that in order to be eligible for the SDVOSB program, the SDV must meet the following criteria:

    a.    Have a service-connected disability determined by VA or DoD;

    b.    Unconditionally own 51% of the SDVOSB, in which ownership is direct;

    c.    Receive 51% of profits and/or the annual distribution profits paid on the stock for the SDVOSB;

U.S. v. Dale Johnson

Case 3:19-cr-00155-RRB-MMS   Document 2   Filed 12/19/19   Page 4 of 21

d.    Control the day-to-day management, daily operations, and long term decision making of the SDVOSB; and

e.    Hold the highest officer position in the SDVOSB, to include control of the board of directors, if applicable.

The defendant owned ADALECO General LLC ("ADALECO"), which was a corporation organized and existing under the laws of Alaska, with its principal place of business in Anchorage, Alaska. ADALECO received an SDVOSB certification on April 15, 2013 and re-certified on May 27, 2015. The recertification was valid for two years.

On or around October 17, 2014, the VA issued Solicitation VA260-15-Q-0035 for SDVOSB qualified companies to bid on a contract to provide snow removal services at VA locations in Anchorage, Alaska. The defendant and his co-conspirators knew this was a "set-aside" contract that could only be awarded to and majority performed by a certified SDVOSB contractor. The contract was valued at approximately $740,554, and called for periods of performance from November 1, 2014 until October 31, 2016.

Beginning in or about October 2014, and continuing until in or about October 2016, in the district of Alaska and elsewhere, the defendant knowingly and willfully conspired and agreed with others, including Donald Garner ("Garner") and Richard Othell Vaughan, a/k/a "RV," ("Vaughan"), to defraud the United States of and concerning its governmental functions and rights, which includes but is not limited to the United States' right to have its business and its affairs, including but limited to transactions of the official business of the VA in connection with awarding contracts to,

U.S. v. Dale Johnson

Page 5 of 21

and carrying out contracts with, SDVOSBs, conducted honestly and impartially, and free from deceit, dishonesty, and obstruction.

The defendant made numerous false and misleading statements to the United States and its agencies in furtherance of this conspiracy. The defendant falsely certified to the VA that his company ADALECO would perform more than 51% of the work on snow removal contract VA260-15-P-0260 and that the defendant controlled the day-to-day management, daily operations, and long term decision making of ADALECO. In truth, ADALECO did not perform any of the work under contract VA260-15-P-0260, and instead 100% of the work was performed by Garner and Veteran Ability, who in turn further subcontracted out the majority of the work to another non-SDVOSB company and individual. Specifically, in or about October 2014, the defendant and Garner, along with other co-conspirators, reached an agreement that the defendant would bid on VA snow removal contract solicitation VA260-15-Q-0035 using ADALECO's SDVOSB certification, but that Garner and Veteran Ability would perform 100% of the work under the contract and keep 90% of every payment, and that the defendant would receive 5-10% of every payment as a "kickback" for allowing Garner to use ADALECO's SDVOSB certification. The defendant knew that Garner and Garner's company, Veteran Ability, were not then certified to bid on SDVOSB contracts.

On or about October 24, 2014, defendant JOHNSON signed, certified, and submitted a bid for VA contract Solicitation VA260-15-Q-0035 in the name of ADALECO, but in truth and fact defendant knew that ADALECO was merely a "pass through" for Garner and Veteran Ability to obtain and perform 100% of the work on

U.S. v. Dale Johnson

contract VA260-15-P-0260 in furtherance of the conspiracy. Snow removal contract
VA260-15-P-0260 was subsequently awarded to ADALECO.

On November 20, 2014, the defendant sent a letter to the VA falsely certifying that
he controlled and managed all essential operations of ADALECO, was "responsible for
every major decision or action," and was "the only decision making authority" for
ADALECO, when in truth and fact Garner was the decision making authority for, and
was responsible for every major decision and action of, ADALECO related to the
majority of its work, including all work related to contract VA260-15-P-0260.

The defendant also provided other false and misleading statements to the VA in
the course of applying to renew his SDVOSB certification, including by falsely stating,
on March 20, 2015, that ADALECO did not share any facilities or employees with any
other company when, in truth, ADALECO shared an office location and an employee
with Veteran Ability. The defendant also falsely failed to identify Veteran Ability to the
VA in response to the question: "identify any and all firms sharing common ownership or
management with your company [ADALECO]." In truth and fact, Veteran Ability,
through Garner, exercised exclusive management and control over ADALECO related to
contract VA260-15-P-0260.

During the period from approximately November 2014 to May 2016, the
defendant, Garner and other co-conspirators submitted or caused to be submitted to the
VA's Financial Service Center (FSC) in Austin, Texas, numerous invoices for payment in
the name of ADALECO for purported snow removal services rendered under contract
VA260-15-P-0260 by ADALECO, which the defendant, Garner and other co-
U.S. v. Dale Johnson

conspirators knew were false and rendered in violation of the management, control and personnel performance requirements for SDVOSB set-aside contracts.

The defendant knew that Vaughan agreed to certify for payment numerous invoices for work purportedly performed by ADALECO when, in truth, Vaughan knew that the invoices were submitted by, and the majority of payments would be used for the benefit of, defendant Garner or other non-SDVOSB qualified companies, and defendant knew that Vaughan was aware that such invoices were submitted in violation of the management, control and personnel performance requirements for SDVOSB set-aside contracts.

The defendant and Garner received payments on those invoices totaling approximately $725,226 from the United States Department of Treasury by way of the Federal Reserve Bank ACH Processing Site in East Rutherford, New Jersey, which were transmitted via interstate wires to the defendant's bank account in Alaska for the primary benefit of Garner and his company.

During the conspiracy Garner paid the defendant approximately $54,302 as an unlawful "kickback" in exchange for the use of ADALECO's SDVOSB certification.

As a result of the scheme, Garner, using ADALECO as a "pass through," unlawfully controlled and received approximately 90% of the profits from federal set-aside contract VA260-15-P-0260, thereby depriving other legitimate and properly certified SDVOSBs and VOSBs that may have bid on this contract from obtaining it.

U.S. v. Dale Johnson

Contract VA260-15-P-0260 would not have been awarded to ADALECO absent the false representation that the defendant controlled the day-to-day management, daily operations, and long term decision making of ADALECO.

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea(s), are as follows:

Count 1: 18 U.S.C. § 371 (Conspiracy)

1) 5 years' imprisonment;

2) a $250,000 fine;

3) a $100 special assessment; and

4) three years of supervised release.

#### 2. Other Matters Affecting Sentence

##### a. Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C.§ 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no

U.S. v. Dale Johnson

credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

U.S. v. Dale Johnson

### E.     Restitution

The defendant acknowledges that conduct described in Section C encompasses

relevant conduct beyond the counts of conviction for purposes of restitution. The Court

will have sole discretion ultimately to determine if the defendant has liability for any

restitution.

## III.    ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

### A.     Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission

Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when

considering the sentence to impose. The U.S.S.G. do not establish the statutory

maximum or minimum sentence applicable to the offense(s) to which the defendant is

pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a

sentence recommended by the U.S.S.G.

### B.     Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth

below in this section.

#### 1.     Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in

U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to

recommend the defendant for a two level downward adjustment for acceptance of

responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level

U.S. v. Dale Johnson

adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

### 2. U.S.S.G. § 2B1.1(b)(1)(D)

The total loss/unlawful gain from the conspiracy attributable to defendant's unlawful conduct is more than $40,000 but less than $95,000: +6.

### C. Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

The parties are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section 1, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

U.S. v. Dale Johnson

## IV.   ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea(s) and the Court's acceptance of the defendant's plea(s) and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Information in this case and the defendant's admissions set forth in Section 1.

Provided, however, if the defendant's guilty plea(s) or sentence is/are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The defendant hereby agrees that he/she waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

## V.   WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A.   Trial Rights

Being aware of the following, the defendant waives these trial rights:

- – If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

- – The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and

U.S. v. Dale Johnson

statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;
- The right to plead not guilty or to persist in that plea if it has already been made;
- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;
- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;
- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;
- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and
- The right to contest the validity of any searches conducted on the defendant's property or person.

U.S. v. Dale Johnson

## B.    Appellate Rights

The defendant waives the right to appeal the conviction(s) resulting from the entry of guilty plea(s) to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes. The defendant understands that this waiver includes, but is not limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to defendant's conviction(s) and guilty plea[s], including arguments that the statute(s) to which defendant is pleading guilty (is/are) unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea[s] of guilty.

The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

U.S. v. Dale Johnson

Case 3:19-cr-00155-RRB-MMS   Document 2   Filed 12/19/19   Page 15 of 21

### C. Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea(s).

### D. Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### E. Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section 1. The defendant agrees that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f), and is effective upon the defendant's in-court admission to the factual basis supporting the plea(s). This provision applies regardless of whether the court accepts this plea agreement.

U.S. v. Dale Johnson

### F.    Potential Plea before Magistrate Judge

The defendant has the right to enter a plea before a United States District Court Judge. The Defendant, defense counsel, and the attorney for the Government consent to have the Defendant's plea(s) taken by a United States Magistrate Judge pursuant to Fed. R. Cr. P. 11 and 59. The parties understand that if the Magistrate Judge recommends that the plea(s) of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to Fed. R. Crim. P. 32. The parties agree to file objections to the Magistrate Judge's Report and Recommendation within seven calendar days, thereby shortening the time for objections set forth in Fed. R. Crim. P. 59. The District Court Judge will decide whether to accept this plea agreement at the time it imposes sentence in the case. The defendant agrees that if the defendant is pleading guilty to an offense described in Title 18, United States Code, Section 3142(f)(1)(A), (B), or (C) (involving a crime of violence, a crime punishable by a maximum sentence of life or death, or a Title 21 controlled substance offense for which the maximum sentence is ten years or more), that the defendant will remand into custody on the day that he/she agrees in court to the factual basis supporting the plea. The defendant further agrees not to seek release at any time between the date of the guilty plea before the Magistrate Judge and the date of imposition of sentence before the District Court Judge.

## VI.    ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be

U.S. v. Dale Johnson

Case 3:19-cr-00155-RRB-MMS   Document 2   Filed 12/19/19   Page 17 of 21

applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Dale Johnson, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea(s). There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea(s).

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures

U.S. v. Dale Johnson

will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea(s). I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea(s). My attorney and I have discussed all possible defenses to the charge(s) to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statute(s) applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

U.S. v. Dale Johnson

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Count 1 - Conspiracy, in violation of 18 U.S.C. § 371 of the Information.

DATED: __12/17/19__ —

_____
Dale Johnson
Defendant

U.S. v. Dale Johnson

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: _12/17/19_

_____

**LANCE WELLS**

Attorney for Dale Johnson

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: _12/17/19_

_____

for **BRYAN SCHRODER**
United States of America
United States Attorney

U.S. v. Dale Johnson